UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
08/13/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| WILLIAM LEE GRANT II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-01724 (UNA) |
| | ) |
| | ) |
| JAMES A. BAKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

Plaintiff has submitted a cryptically worded complaint, ECF No. 1, consisting of random statements and conclusory assertions. The content is largely incomprehensible and thus provides no notice of a claim. Additionally, plaintiff is no stranger to this Court, having had numerous

cases dismissed, often with prejudice, for frivolity and/or inadequate pleading under Rule 8(a). *See, e.g., Grant v. Nat'l Security Advisor*, No. 20-cv-01976 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. Attorney General*, No. 20-cv-01975 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. Exec. Office of the President*, No. 20-cv-01974 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. Chairman of the United States Nat'l Security Council*, No. 20-cv-01973 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. Baker*, No. 20-cv-01725 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. White House*, No. 20-cv-01971 (UNA) (D.D.C. Jul. 29, 2020); *Grant v. Dep't of Justice*, No. 20-cv-01701 (UNA) (D.D.C. Jul. 29, 2020); *Grant v. Attorney General*, No. 20-cv-01806 (UNA) (D.D.C. Jul. 24, 2020); *Grant v. Director of CIA*, No. 20-cv-01838 (UNA) (D.D.C. Jul. 8, 2020); *Grant v. Commander in Chief*, No. 20-cv-01804 (UNA) (D.D.C. Jul. 6, 2020); *Grant v. Secretary of Defense*, No. 20-cv-01803 (UNA) (D.D.C. Jul. 6 2020); *Grant v. CIA*, No. 19-cv-03377 (UNA) (D.D.C. Nov. 27, 2019); *Grant v. Dunford*, No. 18-cv-03163 (UNA) (D.D.C. Sept. 3, 2019); *Grant v. Harris*, No. 19-cv-771 (UNA) (D.D.C. Apr. 22, 2019), *aff'd*, No. 19-5135 (D.C. Cir. Oct. 17, 2019) (per curiam); *Grant v. Dep't of Defense*, No. 18-cv-3079 (UNA) (D.D.C. Jan. 9, 2019), *aff'd*, No. 19-5008 (D.C. Cir. Jun. 11, 2019) (per curiam); *Grant v. Mattis*, No. 18-cv-3053 (UNA) (D.D.C. Jan. 9, 2019), *aff'd*, No. 19-5011 (D.C. Cir. Jun. 11, 2019) (per curiam); *Grant v. Dep't of Defense*, No. 18-cv-03073 (UNA) (D.D.C. Jan. 9, 2019), *aff'd*, No. 19-5010 (D.C. Cir. Jun. 11, 2019) (per curiam); *Grant v. Mattis*, No. 18-cv-3049 (UNA) (D.D.C. Jan. 9, 2019), *aff'd*, No. 19-5018 (D.C. Cir. Jun. 11, 2019) (per curiam); *Grant v. Joint Chiefs of Staff*, No. 18-cv-2774 (UNA) (D.D.C. Dec. 31, 2018), *aff'd*, No. 19-5016 (D.C. Cir. Jun. 11, 2019) (per curiam); *Grant v. Dep't of Defense*, No. 18-cv-1804 (UNA) (D.D.C. Sept. 17, 2018), *aff'd*, No. 18-5308 (D.C. Cir. Mar. 20, 2019) (per curiam); *Grant v. Dep't of Defense*, No. 18-cv-1805 (UNA) (D.D.C. Aug. 16, 2018), *aff'd*, No. 18-5269 (D.C. Cir. Aug. 28, 2018) (per curiam); *Grant v. Dep't of Defense*, No. 18-cv-1162 (UNA) (D.D.C. Jun. 14, 2018),

*aff'd*, No. 18-5209 (D.C. Cir. Jan. 8, 2019) (per curiam); *Grant v. Kabaker*, No. 18-cv-559 (UNA) (D.D.C. Apr. 24, 2018), *aff'd*, No. 18-5130 (D.C. Cir. Oct. 17, 2018) (per curiam); *Grant v. Dep't of Justice*, No. 17-cv-1434 (UNA) (D.D.C. August 4, 2017); *see also Grant v. Kabaker*, No. 17-cv-3261, 2017 WL 8791109, at *1 (C.D. Ill. Dec. 4, 2017) (noting "that Plaintiff has filed multiple unfounded lawsuits that waste the time and resources of the federal court. This lawsuit is just the latest one.").

Notwithstanding, plaintiff persists. In addition to dismissing the instant complaint, the Court will now order plaintiff to show cause why he should not be barred from filing civil actions *in forma pauperis*.

**1. <u>Legal Standard</u>**

An individual's right to access to the courts "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981) (per curiam). Furthermore, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 8 34 F.2d 152, 154 (8th Cir. 1987). The Court "has an obligation to protect and preserve the sound and orderly administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). To that end, the Court "may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice," *Urban*, 768 F.2d at 1500, such as denying "prospectively" one's privilege to proceed *in forma pauperis*. *Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). In determining whether to issue an injunction, the Court must make substantive findings as to the frivolous or harassing nature of the litigant's actions and as to any pattern constituting harassment. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). Similarly, before revoking the privilege to proceed *in forma pauperis*, the Court

must consider "the number, content, frequency, and disposition of [the litigant's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history." *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).

### 2. Plaintiff's Litigation History

As indicated above, most of plaintiff's complaints are repetitive and largely incoherent, and many filed here and in other district courts have named the same defendants. A search of this Court's civil dockets by the name William Lee Grant, II indicates that, in the past three years, plaintiff has filed at least 27 cases[1] in this Court alone that did not survive the screening process. *See* listing, *supra*. A search and review of PACER reveals that plaintiff has filed approximately 192 total matters in various federal courts, and similarly, most of them also failed to survive the screening process. As a result, plaintiff has been, *see, e.g., Grant v. Dep't of Defense*, No. 4:18-cv-471 (N.D. Tex. June 12, 2018), ECF No. 7, and is currently, *see, e.g., Grant v. Dep't of Defense*, Case No. 3:19-cv-3001 (C.D. Ill. Feb. 12, 2019), ECF No. 7, barred from filing *in forma pauperis* in other federal courts.

### 3. Plaintiff's Abuse of the IFP Privilege

The "inquiry" is whether plaintiff "has abused a special privilege of the court to such an extent that that privilege should not again be extended to him here." *Butler*, 492 F.3d at 446. This Court finds that plaintiff has reached that point. The Court has been more than tolerant in liberally construing plaintiff's complaints, allowing him to proceed *in forma pauperis*, and expending significant staff time and resources to process, review and resolve his cases. The Court finds that

---

[1] Plaintiff has also recently filed at least five additional matters, currently pending before this Court, all of which appear to be similarly duplicative and frivolous. *See Grant v. Baker*, No. 20-cv-02030 (UNA) (D.D.C. Jul. 23, 2020); *Grant v. Cheney*, No. 20-cv-02056 (UNA) (D.D.C. Jul. 27, 2020); *Grant v. Baker*, No. 20-cv-02095 (UNA) (D.D.C. Jul. 30, 2020); *Grant v. Baker*, No. 20-cv-02112 (UNA) (Jul. 31, 2020); *Grant v. Cheney*, No. 20-cv-02113 (UNA) (D.D.C. Jul. 31, 2020).

plaintiff has a history of filing frequent and repetitive lawsuits, and that these relentless filings are harassing to the Court. *Cf. with Butler,* 492 F.3d at 446-7 (finding an abuse of the *in forma pauperis* privilege from, *inter alia*, plaintiff's "pattern" of filing repetitive FOIA actions where "[a]ll but one [of 15 such cases] were dismissed on either summary judgment, a motion to dismiss, or for failure to respond."); *see id*. at 445-6 (examining Supreme Court cases finding abuse of IFP privilege); *see also Hurt*, 544 F.3d at 310 (concluding that "'the number, content, frequency, and disposition' of [Hurt's] filings shows an especially abusive pattern, aimed at taking advantage of the IFP privilege."). Like Butler, "it appears that filing [civil] actions is a 'pastime' for [plaintiff]." *Butler*, 492 F.3d at 447.

### 4. Conclusion

For the foregoing reasons, the Court finds that plaintiff has abused the privilege of proceeding IFP and proposes to issue an Order barring him from filing any new civil actions in this judicial district without payment of the applicable filing fee. *See Hurt*, 544 F.3d at 311 (revoking IFP privilege, dismissing all appeals, and directing the Clerk "to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees.") Before the Court issues such an order, it must allow plaintiff an opportunity to respond. *See In re Powell*, 851 F.2d at 431. A separate Order accompanies this Memorandum Opinion.

                                                                                   _____/s/_____
                                                                             COLLEEN KOLLAR-KOTELLY
                                                                               United States District Judge

Date: August 13, 2020